## BOY INJURED WITH CAPS USED IN EXPLODING DYNAMITE.

Common Pleas Court of Hamilton County.

DANA K. HEWSTON, A MINOR, v. JOSEPH A. BYRNES.

Decided, February 3, 1919.

*Negligence—In Leaving Percussion Caps Where Accessible to Boys— Jury at Liberty to Say that in a Given Case Circumstantial Evidence Outweighs that Which is Direct and Positive.*

1. One who leaves percussion caps of a highly explosive nature in a place where children of tender years are accustomed or likely to resort is guilty of negligence and liable for any injury resulting to a child who takes said caps and causes them to explode.

2. The rule that circumstantial evidence can not prevail against that which is direct and positive is only applicable where there is no doubt of the truth of the direct and positive evidence, but the truth of the direct and positive evidence is a question for the jury and a verdict will not be set aside for the reason that the jury rejected the direct and positive evidence and found a verdict based upon the circumstantial evidence where no passion or prejudice is manifest in the finding and verdict of the jury.

*Sanford A. Headley* and *Frank E. Wood* for the motion.
*Thos. L. Michie* and *W. W. Clippinger*, contra.

GEOGHEGAN, J.

Opinion on motion for a new trial.

The plaintiff, at the time of this accident, was a boy about nine years of age. He lived in a little town called Ramona, in this county, with his parents. His father, by an arrangement with W. W. Clippinger, pastured a cow in Mr. Clippinger's field. It was the boy's duty to go into this field and drive the cow home every evening and after the cow was milked drive her back again into the field. On or about the 21st day of October, the boy, accompanied by another boy of the neighborhood, went into the field, as was his custom. While passing through the

field, the boys picked up some percussion caps, which are used for the purpose of exploding charges of dynamite. This boy kept the caps about the house and a few days later, while his mother was absent from the kitchen, the boy put some of the caps in the fire, with the result that they exploded, causing him to be burned severely, to lose the sight of his left eye, and causing a permanent injury to the fingers of his left hand.

The defendant, Joseph A. Byrnes, was, at that time, engaged as a public contractor in the construction of a road at this village of Ramona. He was using a number of men and teams upon the job, and during the progress of the work it was necessary for him to do some blasting. This blasting was in charge of one Richardson, who was employed by him on the work, and in that operation percussion caps were used in order to explode the charges of dynamite used in the blasting. These are the undisputed facts in the case.

The plaintiff brought his action upon the theory that it was negligent for the defendant, Byrnes, through his agents and servants, to leave exposed in a place where children were in the habit of going a dangerous agency, to-wit, the percussion caps, and offered evidence of the foregoing circumstances in support of his theory. He also offered in evidence a certain tin box, which was painted a color bordering on red, and offered evidence tending to show that this box had been found in the field a short distance from where the boy had picked up the caps. This box had been found originally by the plaintiff's companion and had been thrown away.

The defendant offered evidence to show that while he had purchased caps similar to those found by the plaintiff, the caps that he had purchased were not of the same manufacture as those found by the boy; that the box containing the caps which he used on this work was a different box from the one offered in evidence, being painted black; that he had purchased the box from one Garber, on March 22, 1916, had delivered the box to his foreman, Dodds, who was in charge of some work for him in Avondale; that Dodds had given part of this box to one Tanner,

another contractor, before the work was started at Ramona; that while at Ramona the caps remaining were in the custody of Dodds; that they were used two days and each time were returned to him; that they never were on the field of Clippinger, but at all times were on the right-of-way, that is, upon that portion of land upon which the road was being constructed. And the defendant seeks to have the verdict which was rendered herein set aside on the ground that it is against the weight of the evidence.

The court, in submitting this case to the jury, charged especially that if the jury were not convinced, by a preponderance of the evidence, that the caps found by the boy were caps that belonging to Byrnes, there should be a verdict for the defendant. So that, substantially, the whole case hinged upon the question as to whether or not the caps found were caps that belonged to Byrnes.

No evidence was offered that any other construction work in which blasting was necessary was being done at that time, or had been done for a long time prior thereto, at or near the place where this road was being constructed. But the testimony is clear that Byrnes had established a camp in Mr. Clippinger's field, and that his employees were in the field and lived in that camp, at least during the major part of the construction of the work. and that Richardson was in and about the field and lived there while the work of building the road was in progress.

Counsel for the defendant contend that the evidence of plaintiff, being circumstantial in its nature, must succumb to the evidence of the defendant, which is of a direct and positive character, and cite some authorities to the effect that where a case is built up upon circumstantial evidence, it can not prevail against a defense in which the evidence is of a direct and positive character.

The fallacy in the argument of counsel for defendant is this— that he assumes that the case of plaintiff is entirely a case built up upon circumstantial evidence. This is not quite the fact. There is direct evidence that Byrnes used caps in blasting; that

the caps found by the boy were similar in character to the caps which Byrnes conceded he used on the job.  There is direct evidence that Byrnes' servants were in this field and that the caps were found near the tool box which was in the field during the time that Byrnes was doing the work on the road. There is direct evidence that there was no other work of a similar character being done in the neighborhood.  A jury, in the absence of any evidence to the contrary, had a right to infer that these caps were the property of Byrnes and had been carelessly left by him or his servants in the open field.

The real point of difference in the case is the question as to ownership of the particular caps in question, and this is the defendant attempts to meet by showing that the blasting caps which he used on the job did not come in the same kind of box as the one found by the boys and that after the work was finished his foreman carried away all the unused caps from the job and they were subsequently disposed of by being thrown into a sewer.

It would be difficult to say, under the circumstances of this case, that the verdict is against the weight of the evidence.  The jury might have very well believed the evidence offered by the plaintiff, and have drawn therefrom the inference referred to above, and they may have disbelieved the evidence offered by the defendant, especially in view of the fact that, as in all evidence, there were certain contradictions therein, notably the testimony of the defendant and of Dodds, in which they positively stated that they' received the box of caps that were used upon the Ramona job and at Avondale on the 14th of March, whereas the bill for the same and the evidence of the agent of the person from whom the caps were bought showed that they were not purchased until the 22d day of March, of the same year.

While it is true that a case built up entirely upon circumstantial evidence can not prevail as against a case where the evidence is positive and direct, where there is no doubt of the truth of the positive and direct evidence, nevertheless, it is entirely within the province of the jury to weigh and sift the con-

flicting evidence and to disbelieve that which they think ought not to be believed.

Now it is evident in this case that the jury disbelieved the evidence as to the kind of caps that the defendant claimed to have used on the job, and, therefore, having nothing left but the evidence of the plaintiff, they rightfully drew the inference that the caps had been negligently left in the field by the servants of the defendant. Therefore, believing this, it follows as a necessary conclusion that Byrnes would be responsible for any injury occurring to the boy by reason of the explosion of said caps, if the boy were not guilty of contributory negligence on his part. *Travell* v. *Bannerman*, 174 N. Y., 47.

The question as to the boy's contributory negligence was properly submitted to the jury, and no complaint is made as to the court's charge in that respect, nor did counsel for defendant touch upon same either in his oral argument or in his brief.

A careful examination of the evidence, therefore, does not disclose that the verdict of the jury herein was manifestly against its weight. There is direct contradiction in the evidence, it is true, but not more so than is usually found in cases of this character. The case was properly submitted to the jury and their verdict should stand unless manifestly against the weight of the evidence, and this I am unable to determine after a careful review of same.

The motion for a new trial will therefore be overruled.